# EXHIBIT B

| | SUM-100 |
|---|---|
| # SUMMONS<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>JUSTICE INVESTORS, a California limited partnership; PORTSMOUTH SQUARE, INC., a California Corporation; GEOFFREY M. PALERMO, an individual; DOES 1-20, inclusive<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>EVON CORPORATION | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>The Superior Court of California, County of San Francisco<br>400 McAllister St.<br>San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):* **14-537426** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert R. Moore, Esq., Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor, San Francisco, CA 94111-4074
Phone: 415-837-1515

DATE: FEB 13 2014 CLERK OF THE COURT by M.A. MORAN , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**By Fax**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert R. Moore (Bar No. 113818) Michael J. Betz (Bar No. 196228)<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111-4074<br>TELEPHONE NO.: 415-837-1515  FAX NO.: 415-837-1516<br>ATTORNEY FOR *(Name):* Plaintiff Evon Corporation | SUPERIOR COURT<br>COUNTY OF SAN FRANCISCO<br>2014 FEB 11 PM 12:07<br>CLERK OF THE COURT<br>BY _____<br>DEPUTY CLERK<br>M.A. MORAN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Francisco**
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME: Evon Corporation v. Justice Investors, et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CGC-14-537426<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☒ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties  d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve  in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence  f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* Eight, including breach of contract, breach of fiduciary duty, conversion, and fraud.
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 11, 2014

Robert R. Moore
(TYPE OR PRINT NAME)   ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36) Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non- domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non- harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CASE NUMBER: CGC-14-537426  EVON CORPORATION VS. JUSTICE INVESTORS,A CALIFOR

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

>DATE: JUL-16-2014
>
>TIME: 10:30AM
>
>PLACE: Department 610
>400 McAllister Street
>San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# Allen Matkins

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
Three Embarcadero Center, 12th Floor | San Francisco, CA 94111-4074
Telephone: 415.837.1515 | Facsimile: 415.837.1516
www.allenmatkins.com

Michael J. Betz
E-mail: mbetz@allenmatkins.com
Direct Dial: 415.273.7453   File Number: 373860-00001/SF915820.01

<u>Via Email/U.S. Mail</u>

February 26, 2014

Sean M. SeLegue, Esq.
Arnold & Porter LLP
Three Embarcadero Center, Tenth Floor
San Francisco, CA 94111-4024
sean.selegue@aporter.com

Re: <u>Evon Corporation v. Justice Investors, et al.,
San Francisco Superior Court Case No. CGC-14-537426</u>

Dear Mr. SeLegue:

I understand that you will be representing all the defendants in the above referenced action. As you may know, defendant Portsmouth Square was served via substitute service on February 21, 2014. As for defendants Justice Investors and Geoffrey Palermo, it appears they have not been served.

I also understand that you will accept service on behalf of Justice Investors and Mr. Palermo. In addition to the Complaint, Summons, Alternative Dispute Resolution package, Civil Case Cover Sheet, Notice re Case Management Conference, and Early Settlement Program Packet, I have enclosed Notices of Acknowledgement and Receipt for Justice Investors and Mr. Palermo.

Very truly yours,

*Michael J Betz*
Michael J. Betz

MJB:cah
Enclosure

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert R. Moore (Bar No. 113818) Michael J. Betz (Bar No. 196228)<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111-4074<br>TELEPHONE NO.: 415-837-1515    FAX NO.: 415-837-1516<br>ATTORNEY FOR *(Name):* Plaintiff Evon Corporation | FILED<br>SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br>2014 FEB 13 PM 12:08<br>CLERK OF THE COURT<br>BY _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME: Evon Corporation v. Justice Investors, et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CGC-14-537426<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☒ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* Eight, including breach of contract, breach of fiduciary duty, conversion, and fraud.
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 11, 2014

Robert R. Moore                                                         ► *[signature]*
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JUSTICE INVESTORS, a California limited partnership; PORTSMOUTH SQUARE, INC., a California Corporation; GEOFFREY M. PALERMO, an individual; DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EVON CORPORATION

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
The Superior Court of California, County of San Francisco
400 McAllister St.
San Francisco, California 94102

CASE NUMBER:
*(Número del Caso):*
CGC-14-537426

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert R. Moore, Esq., Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor, San Francisco, CA 94111-4074
Phone: 415-837-1515

DATE: FEB 13 2014   CLERK OF THE COURT   Clerk, by  M.A. MORAN  , Deputy
*(Fecha)*                                 *(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CASE NUMBER: CGC-14-537425 EVON CORPORATION VS. JUSTICE INVESTORS, A CALIF

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

      **DATE:**    JUL-16-2014

      **TIME:**    10:30AM

      **PLACE:**  **Department 610**
                      **400 McAllister Street**
                      **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# Early Settlement Program

**FAST** — Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

**ECONOMICAL** — Want a settlement option with less stress and cost than trial?

**FAIR** — Want the skills of experienced panelists in arriving at a realistic, satisfying settlement?

Consider The Bar Association of San Francisco's Early Settlement Program



Learn more about the Early Settlement Program–scan the QRCode or visit www.sfbar.org/adr/esp



## The Early Settlement Program:

- Helps you resolve cases **quickly** and **economically**
- Has been a trusted program for over **20 years**
- Boasts a **78% settlement** rate and **97% satisfaction rate**

## Early Settlement provides:

- Panels of experienced trial attorneys (all with at least **10 years of experience**)
- **Three free hours** of settlement conference time per case, including one hour of preparation time
- Panelists who are matched with the case's type of law
- **Low administrative fee** of $295/party, capped at $590 for parties represented by the same counsel

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

1. Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

2. When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

3. There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

4. Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

5. When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

6. If you must reschedule your ESP conference, date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

7. Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

8. If the matter is settled in your ESP conference, congratulations!

9. If the matter is not settled in your ESP conference, your initial court date remains the same.

## Who are the Panelists?

They are experienced attorneys with at least **10 years** of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney, to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▶ email esp@sfbar.org

▶ phone: 415-982-1600

▶ fax: 415-989-0381

## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program (ESP)** is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil-rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: www.sfbar.org/esp




# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution Program Information Package

> The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

Or, visit the court ADR website at www.sfsuperiorcourt.org

ADR-1 12/22 (ja)   Page 1

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but <u>parties must select the program – the Court no longer will order parties into ESP.</u>

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.</u>